IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HENRY ALEXANDER TOWNSEND,  Case No. 2:15-cv-01726-KI

            Plaintiff,  **ORDER OF DISMISSAL**

    v.

PRISON MEDICAL PROVIDER, ET AL.,

            Defendants.

_____

**KING, Judge.**

    Plaintiff, an inmate at Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, plaintiff's complaint is dismissed.

## BACKGROUND

    Plaintiff alleges that he was confined in the Intensive Management and Disciplinary Segregation Units in violation of his First and Eighth Amendment rights. In support of his constitutional claims, plaintiff alleges generally that "registered nurses, mental health providers, etc.," were deliberately indifferent to his serious mental/medical needs, failed to protect him from

1 - ORDER OF DISMISSAL

harm, and retaliated against him because he filed a prior civil rights complaint. *See* Complaint at 5-7. Additionally, plaintiff alleges that defendants acted negligently. *Id.* at 8.

## STANDARDS

This court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

In order to state a claim, plaintiff's complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Because plaintiff is proceeding *pro se*, I construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

Plaintiff's complaint is dismissed on the basis that plaintiff has failed to allege facts giving rise to a reasonable inference that any named defendant was personally involved in the alleged constitutional violations. As the Honorable Anna Brown previously advised plaintiff, he must allege facts giving rise to a reasonable inference that each named defendants was personally involved in the alleged constitutional violations. Conclusory allegations do not suffice. *Townsend v. Sparks*, Case No. 2:15-cv-00135-AC (Order, ECF No. 20) (*citing Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), and *Monell v. New York City Dep't. of Social Serv.*, 436 U.S. 658, 691-94 (1978)).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's complaint is dismissed, without prejudice, for failure to state a claim. Within 30 days of the date of this order, plaintiff may file an amended complaint curing the deficiencies noted above. Plaintiff's amended complaint shall list the names of all defendants in its caption. *See* Fed. R. Civ. P. 10(a). Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice.

IT IS FURTHER ORDERED that plaintiff's motions for a temporary restraining order and preliminary injunction (ECF No. 4), for appointment of counsel (ECF No. 5), and for transport (ECF No. 6) are DENIED, with leave to renew upon successful compliance with this order.

IT IS SO ORDERED.

DATED this   16th   day of September, 2015.


    /s/ Garr M. King
Garr M. King
United States District Judge